10-2634-ag
Chen v. Holder

BIA
Abrams, IJ
A088 123 794

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand eleven.

PRESENT:

> JON O. NEWMAN,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

YINGCHANG CHEN,
> *Petitioner,*

> v.                                    10-2634-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Lewis Hu, New York, New York.

FOR RESPONDENT:        Tony West, Asst. Attorney General; Carl H. McIntyre, Jr., Asst. Director; Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Depart-

ment of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yingchang Chen, a native and citizen of the People's Republic of China, seeks review of a June 8, 2010, order of the BIA affirming the June 20, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yingchang Chen*, No. A088 123 794 (B.I.A. June 8, 2010), *aff'g* No. A088 123 794 (Immig. Ct. N.Y. City June 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

Substantial evidence supports the agency's conclusion that Chen failed to meet his burden of proving eligibility for

relief.   Under the REAL ID Act, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if . . . the applicant's testimony is credible, is persuasive, and refers to specific facts . . . . In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record."   8 U.S.C. § 1158(b)(1)(B)(ii).   It was not unreasonable for the agency to require further corroborating evidence, as the corroborating documents Chen did present either failed to demonstrate that his detention and fine were on account of his resistance to a coercive population control program, or were inconsistent with his testimony.  *See* 8 U.S.C. § 1158(b)(1)(B)(i); *see also Chuilu Liu*, 575 F.3d at 196-97.

Accordingly, Chen was required to provide additional medical records and evidence of the reasons for the fines unless he could not "reasonably obtain the evidence."   8 U.S.C. § 1158(b)(1)(B)(ii).  The agency's determination that a particular piece of corroborating evidence was reasonably available and should have been presented is a finding of fact, which we review under the substantial evidence standard, and will not reverse unless a reasonable trier of fact would be

compelled to conclude that such corroborating evidence is unavailable. *See* 8 U.S.C. § 1252(b)(4); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563, 568 (2d Cir. 2006).

Here, the IJ identified the type of corroborating evidence that Chen should have presented to corroborate his claim, including documents indicating that his wife was permitted to remove her intrauterine device ("IUD"), any indication that the fine Chen paid was a bail payment, or any evidence that another fine was imposed. The BIA reiterated in its decision the type of proof Chen could provide to corroborate his claim. Although Chen testified that he believed his wife had medical records regarding her IUD, and that he could call her and ask her to provide those records, he never submitted the medical records as evidence. Furthermore, although Chen contends that he and his wife did not keep the medical records pertaining to her pregnancy, the agency reasonably chose not to credit that explanation, given that Chen was able to provide other medical evidence and testified that his wife had other records. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so). In addition,

Chen has acknowledged that the IJ indicated the type of corroborating evidence expected regarding the fines, but has not stated why that evidence was unavailable or why it was unreasonable to expect such evidence. Consequently, substantial evidence supports the agency's determination that Chen could reasonably provide corroborating evidence, and its decision to decline to credit his explanations for why he did not provide such evidence. *See* 8 U.S.C. § 1252(b)(4); *Majidi*, 430 F.3d at 80-81; *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000). Accordingly, because Chen's evidence conflicted with his testimony and because he failed to submit reasonably available corroborating evidence, the IJ reasonably determined that his testimony alone could not establish past persecution or a well-founded fear of future persecution, and thus that he had failed to meet his burden of proof for asylum or withholding of removal. *See Chuilu Liu*, 575 F.3d at 196-99.

Finally, Chen argues that he is eligible for CAT relief because it is more likely than not that he will be sterilized if he returns to China. However, because Chen's claim for CAT relief rests on the same factual predicate as his asylum claim, his CAT claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk